Saul J. Streit, J.
This is a summary proceeding for a final order pursuant to section 964 of the Penal Law. Plaintiff conducts its business at 14 East 53rd Street. The defendant corporation in which the individual defendants are the sole officers, directors and stockholders, are about to open a similar business on the west side of Second Avenue between 68th and 69th Streets, using the trade name Briand East. Andre Briand, who directs the plaintiff’s business, states that it was established in his own name on April 1,1957 when he was located at 12 East 57th Street, later at 510 Madison Avenue, and is now conducted by the petitioner corporation. It is asserted on behalf of the respondents that they have been in this business since 1949 and in 1952 they joined a partnership with one Frank Briand, alleged to be the uncle of Andre Briand, in Great Neck, New York. The business was conducted under the name of Briand Salon and in 1953 it was purchased from Frank Briand, including the good will and the name “ Briand ”. The business was conducted until July, 1962, under the corporate name of Briand Salon de Beaute, Inc. It is asserted that their reputation has been founded exclusively on the name “Briand”. An additional salon has been conducted under the name of “ Briands of Manhasset”. It is further alleged that they have removed the business to Manhattan for the reason that the individual respondents have lived in Manhattan for substantially 17 years and an unspecified part of their business is derived from customers in the City of New York.
Pursuant to the provisions of section 964 of the Penal Law, the petitioner must conclusively establish in order to succeed *1053 that the use of the name may deceive or mislead the public as to the identity of the respondent or as to the connection of the respondent with the petitioner and that the name is thus used with the intent to produce that result. In the circumstances related, it may well be that such intent is not sufficiently established and that petitioner should be remitted to plenary action, save for the fact that there has developed a practice of establishing branch offices of businesses with the use of the word “East” or “West” or other such geographical designation. The situation must thus be judged in the light of the fact that the respondents have included in the corporate name the word “ East ” which may tend to induce the belief that the establishment is a branch or other office of an existing business conducted elsewhere. Accordingly, the court concludes that there has been violation of the statute and the petitioner is entitled to prevail. The motion is granted.